Filed 1/12/23  P. v. Navarro CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br>v.<br><br>JORGE LEON NAVARRO,<br><br>        Defendant and Appellant. | A165489<br><br>(Solano County<br> Super. Ct. No. FCR302303) |

Defendant Jorge Leon Navarro appeals from a May 4, 2022 order denying his petition for resentencing of his attempted murder conviction under Penal Code[1] former section 1170.95, now section 1172.6.[2]  We affirm.

Section 1172.6 allows a defendant to petition for resentencing if convicted of attempted murder under the now invalid natural and probable consequences theory.  (*Id.*, subd. (a).)  At the hearing held on Navarro's petition, his assigned counsel confirmed that a review of the record of

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Throughout this opinion, we cite to section 1172.6 for ease of reference.

conviction — including the court's jury instructions — reflected that Navarro was not convicted of attempted murder under the natural and probable consequences theory. After the trial prosecutor concurred with assigned counsel's assessment of the record, the superior court summarily denied the petition on the basis that Navarro was not statutorily eligible for section 1172.6 relief.

Navarro's appellate counsel has filed a brief raising no issues and asks us to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).[3] Appellate counsel has further confirmed that Navarro was informed of his right to file a supplemental brief, but he has not filed such a brief.

Since the completion of the briefing in this appeal, our Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) on December 19, 2022. *Delgadillo* holds that when appointed counsel determines that an appeal from an order denying postconviction relief, such as the order denying Navarro's section 1172.6 petition, lacks arguable merit, "*Wende* procedures are not constitutionally compelled." (*Delgadillo, supra*, 14 Cal.5th at p. 233.) However, "[w]hen counsel submits notice that such an appeal lacks arguable merit, the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues; the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider; and if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned." (*Id*. at p. 222.) "If the

---

[3] To facilitate this review, we grant appellate counsel's motion to augment the record to include certain portions of the trial transcripts filed on Navarro's direct appeal of his conviction, which include the jury instruction discussion and the jury instructions given at trial. (*People v. Navarro* (dec. Sept. 19, 2019, A151606) [nonpub. opn.].)

appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Id.* at p. 232.)

Because the briefing in this case was completed in September 2022, Navarro was not given *Delgadillo* notice that this court might dismiss the appeal as abandoned if he failed to file a supplemental brief. In the interest of judicial economy, we exercise our discretion to independently review the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232 ["[w]hile it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal"].)

Having independently reviewed the record, we find no arguable issues that warrant further briefing by appellate counsel. The record reflects that at trial the jurors were instructed that to convict Navarro of attempted murder they had to find he had the specific intent to murder the victim when he chose to aid and abet the perpetrator of the attempted murder. Because Navarro was not convicted of attempted murder under the natural and probable consequences theory, the superior court properly determined he was statutorily ineligible for section 1172.6 relief. Accordingly, the order denying the petition for resentencing is affirmed.

## DISPOSITION

The May 4, 2022 order denying the petition for resentencing is affirmed.

 

 

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A165489/*People v. Navarro*